FILED

01 AUG -2 PM 2: 29

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JENNIE NIEVES | : |
| Plaintiff | : CASE NO. 1:00 CV 2468 |
| | : |
| -vs- | : JUDGE DONALD NUGENT |
| | : MAG. JUDGE STREEPY |
| CITY OF CLEVELAND, et al. | : |
| | : **MOTION BY DEFENDANT, MARTIN** |
| Defendants | : **FANO, FOR SANCTIONS (RULE 11)** |

Defendant, Martin Fano, respectfully moves this Court to grant sanctions against plaintiff, Jennie Nieves and her attorney, Myron T. Watson, for the reasons set forth in the accompanying memorandum.

Respectfully submitted,

Marvin H. Hersch (No. 10015)
Attorney for Martin Fano
24100 Chagrin Boulevard #330
Beachwood, Ohio 44122
216-292-1880

### PROOF OF SERVICE

A copy of the foregoing Motion for Sanctions was sent by regular U.S. Mail to attorney Myron Watson, 113 St. Clair Building, 113 St. Clair Avenue, East, #440, Cleveland, Ohio, 44114, attorney for plaintiff, and Joseph G. Hajjar, Assistant Director of Law, City of Cleveland, City Hall, #106, 601 Lakeside Avenue, Cleveland, Ohio, 44114, this 3 day of August, 2001.

Marvin H. Hersch
Attorney for Martin Fano

## MEMORANDUM IN SUPPORT OF MOTION

In consonance with the Federal Rules of Civil Procedure, Rule 11, defendant, Martin Fano, seeks sanctions under Rule 11. Mr. Fano asks the Court to award to him compensation for the reasonable expenses and attorneys fees incurred in presenting this motion as well as the reasonable expenses and attorneys fees incurred in defending against a frivolous and unfounded claim.

Mr. Watson, as attorney for the plaintiff, has pursued a claim under Section 1983 which was wholly without merit, was frivolous and without evidentiary support, and with a claim that Martin Fano was acting under color of state law when such is without substance whatever. It is well established that an attorney's actions should be judged by the reasonable-under-the-circumstance test under Runfola & Associates, Inc. v. Keln, 88 Fed. 3rd 368, 372 (6th Circuit 1996).

On July 11, 2001, more than 21 days prior to the filing of this motion, defendant's attorney caused to be delivered by messenger to Mr. Watson's office in Suite 440 of the 113 St. Clair Building in Cleveland, Ohio, a notice required by law. Such advance notice provided for the "safe harbor" 21 day period to give the culpable party the opportunity of purging himself from the scintilla of frivolity and malice. To date, Mr. Fano has been obliged to incur attorneys fees in excess of $5,000 for the purpose of defending against the unfounded claims against him.

It seems patently clear that the claims and other legal intentions extended by Mr. Watson on behalf of his client are not warranted by existing law or by a non-frivolous argument for the extension, modification or reversal of existing law, or for the establishment of new law. The allegations and factual contentions have not any evidentiary support and are not likely to have any evidentiary support after a reasonable opportunity for further investigation or discovery. Additionally, part and parcel of Mr. Watson's theory is an alleged violation of Section 1983 in consideration of the fact that a case against Jennie Nieves was presented to the Grand Jury, but

clearly, the Grand Jury, having issued an indictment, it is indicative of probable cause which then doubly negates any substantiation for supporting any case of substance against defendant, Fano.

A fair consideration of the facts should unerringly lead to a conclusion that it is appropriate that sanctions equal to the expenses of the defendant, Fano, in opposing the frivolous claims should be awarded.

Respectfully submitted,

Marvin H. Hersch
Attorney for Martin Fano